William O. Fawvor and Ed. Franklin v. The State.

No. 8382.   Decided October 8, 1924.

No motion for rehearing filed.

1.—Unlawful Manufacture of Liquor—Misconduct of Jury.

Where affidavit of misconduct of jury is filed by appellant and is uncontradicted by State in trial court, it sufficiently presents such misconduct on appeal.   Art. 841, C. C. P., Vernon's Tex. Crim. Statutes, Vol. 2, p. 808.

2.—Same—Misconduct of Jury.

Where after retiring to consider their verdict one juror, in reply to a question of another juror, stated that he knew the prosecuting witness in the case, and knew that his character and reputation for truth was good. This constituted such misconduct on the part of jury as to necessitate a reversal.

Appeal from the District Court of Jefferson County.   Tried below before the Hon. Geo. C. O'Brien, Judge.

Conviction for unlawful manufacture of intoxicating liquor; penalty fixed at confinement in the State penitentiary for one year.

The opinion states the case.

*James A. Harrison,* for appellants.

*Tom Garrard,* State's Attorney, and *Grover C. Morris,* Assistant State's Attorney, for the State.

MORROW, Presiding Judge.—The conviction is for the unlawful manufacture of intoxicating liquor; punishment fixed at confinement in the penitentiary for a period of one year.

The witness B. E. Terrell testified that he found a still which was in operation and at which there was a quantity of mash and whisky. According to the witness, on his approaching the still, the appellants were attending it but got in a boat and left. They were pursued and arrested by the officers. It seems that there were two other officers with Terrell at the time the still was discovered and the arrest made.

The appellant Fawvor testified and denied his presence at the still. He insisted that they were trapping in the vicinity and were in a boat in the pursuit of this avocation. He controverted in many respects the details of the transaction as revealed by Terrell. The appellant Franklin testified to substantially the same effect.

Several witnesses were introduced by the appellant to corroborate their testimony to the effect that they had been trapping in the neighborhood and were using a boat for that purpose. A gun was found

at the still, the ownership of which according to Terrell, was admitted by Franklin. This was controverted by the appellant Fawvor and also by his wife and daughter. · That is to say, they testified to circumstances negativing the ownership of the gun by Fawvor. Franklin testified denying the statement that the gun belonged to him.

In the motion for new trial, it was shown without dispute that in the first ballot ten jurors voted guilty and two not guilty. The foreman asked if those voting not guilty desired any explanation. The juror Brady remarked that he was in doubt touching the truthfulness of the testimony of Terrell; that in order to believe him, it would be necessary to discredit other witnesses. The foreman or some other juror then asked if there was any member of the jury who knew Terrell's character and reputation for truth. The juror, Oscar Cousins, then said that he knew Terrell's reputation in that respect to be good. Juror Thomas said that he had known Terrell in Fort Worth and knew him to be a boy of good character. After hearing these statements the jurors who had voted for an acquittal voted for a conviction.

The State did not introduce any testimony controverting the affidavit of Brady which, as the bill shows, was introduced in evidence. The court, in qualifying the bill, said that he did not approve that part of the bill to the effect that the testimony of Mrs. Fawvor and her daughter would have shown the innocence of the defendants; that the main issue, that is, the presence of the appellants at the still, was controverted alone by the appellants, and only the ownership of the gun was controverted by others.

The affidavit in question having been read and presented to the court and no other evidence having been introduced, it is the only evidence upon which this court can test the correctness of the ruling. Article 841, C. C. P.; 2 Vernon's Tex. Crim. Stat., p. 808. The State failed to controvert the truth of the affidavit by testimony of the jurors or otherwise, or to give any reason for the failure to do so. The testimony as to what occurred in the jury-room is not in conflict. One juror who voted for an acquittal was in doubt as to whether Terrell was telling the truth. Another juror voted with him in favor of an acquittal. The two jurors who were named testified in the jury-room to the reputation of Terrell for truth and veracity. This was manifestly new evidence of an important nature, and by way of parenthesis, it apparently would not have been admissible upon the trial as no attack was made upon the reputation of Terrell. Article 837, subdivision 7, C. C. P.; Mizell v. State, 81 Texas Crim. Rep., 841.

We are constrained to regard the matter as one requiring a reversal of the judgment. It is so ordered.                                              °

*Reversed.*